| | |
|---|---|
| DISTRICT COURT, DENVER, COLORADO<br>1437 Bannock<br>Denver, CO 80202 | EFILED Document<br>CO Denver County District Court 2nd JD<br>Filing Date: Jun 7 2012 2:41PM MDT<br>Filing ID: 44690333<br>Review Clerk: Kari S Elizalde |
| Plaintiff: SHANDON VALLEY TRANSPORT<br>SOLUTIONS, USA, LLC<br><br>Defendant: DESIGN PALLETS, INC. | COURT USE ONLY<br><br>Case Number: 2011CV8782<br><br>Courtroom: 376 |
| **COURT'S ORDER RE: DEFENDANT'S MOTION TO DISMISS** | |

This matter is before the Court pursuant to Defendant's Motion to Dismiss, filed May 8, 2012. The Court having reviewed the Motion, the file and being fully advised Finds and Orders as follows:

Defendant has moved to dismiss this action based on a forum selection clause contained in a contract between the parties. The clause provides that any action arising out of the contract *"may* be brought in any Florida state court *or* United States federal court located in the Middle District of Florida" (emphasis added). The contract also contains a choice of law provision selecting Florida law.

A forum applies its own law to procedural issues, even when the parties have agreed in advance that some other state's laws apply to substantive issues. *E.g., Rest. (2d) on the Conflict of Laws § 122.* The enforceability of a forum selection clause is a procedural issue. Therefore, Colorado law applies.

Parties seeking to enforce a forum selection clause via a Motion to Dismiss must first establish the existence of a forum selection clause. Then, the burden shifts to the nonmoving party to show that the forum selection clause is unfair, unreasonable, or fraudulently induced. *Edge Telecom, Inc. v. Sterling Bank*, 143 P.3d 1155 (Colo. App. 2005).

The contract's forum selection clause is facially ambiguous. It is unclear whether it is permissive or mandatory. The drafter's use of the permissive "may" with the exclusive "or" results in differing, reasonable interpretations. Consequently, Defendant has not established that a valid forum selection clause "exists" under *Edge Telecom*.

1. Defendant's Motion to Dismiss is DENIED.
2. Each party to pay their own fees and costs.

DATED this 7th day of June 2012

BY THE COURT:

_____
Herbert L. Stern, III
District Court Judge

CC:   Counsel of Record by e-filing