**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-01900-CMA-BNB (Consolidated for all purposes with
Civil Action No. 12-cv-02094-REB)

SHANDON VALLEY TRANSPORT SOLUTIONS USA, LLC, a Colorado
limited liability company, d/b/a SVTS GLOBAL,

    Plaintiff/Counterclaim Defendant,

v.

DESIGN PALLETS, INC., a Florida corporation,
DOUGLAS A. OLVEY, a Florida resident, and
JAMES DANKO, a Florida resident,

    Defendants/Counterclaim
    Plaintiff/Third-Party Plaintiff,

v.

ADAM M. PENER, a Missouri resident,
COLIN D. CLARK, a Colorado resident,
STEVEN C. DAVIS, an Oklahoma resident, and
DAVID W. FELL, a Colorado resident,

    Third-Party Defendants.

---

Civil Action No. 12-cv-02094-REB

DESIGN PALLETS, INC., a Florida corporation,

    Plaintiff,

v.

SHANDON VALLEY TRANSPORT SOLUTIONS USA, LLC,
a/k/a SVTS GLOBAL, a Colorado limited liability company,
ADAM N. PENER,
COLIN D. CLARK,
STEVEN D. DAVIS, and
DAVID W. FELL,

    Defendants.

---

**ORDER REGARDING MOTIONS**

This matter is before the Court on Defendants' unopposed "Motion for Determination of Jurisdiction." (Doc. # 31.) The concern animating Defendants' motion stems from a procedural wrinkle that occurred when this case was removed from state court. After Plaintiff moved to amend its complaint, seeking to add Douglas A. Olvey and James Danko as Defendants, Olvey and Danko removed the case, despite the state court not having ruled on the motion to amend.[1] (*See id.*) Defendants now want the Court to assure them that this procedural hiccup has not impinged the Court's "subject matter jurisdiction over the claims and parties under the First Amended Complaint." (*Id.* at 7.) The Court's response is two-fold.

First, Defendants apparently misunderstand the Court's basis for subject matter jurisdiction in this case. Such jurisdiction is premised on 28 U.S.C. § 1332(a), in which "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . . ." As Plaintiff notes, the amount in controversy here exceeds $75,000. (Doc. # 27 at 2.) And complete diversity of citizenship exists between Plaintiff and Defendants.[2] Because the purported defect in the removal procedure raised by Defendants does not relate to these two considerations under § 1332(a), it does not affect the Court's subject matter jurisdiction. *See, e.g.*, 16 James WM. Moore et al., Moore's Federal Practice ¶ 107.41[1][c][ii][A] (3d ed. 2011) (procedural defect "refers

---

[1] Plaintiff and Defendant Design Pallets, Inc. both consented to removal of the case. (*See* Docs. ## 4; 27.)

[2] Although, like Plaintiff, two of the Third-Party Defendants in this case are Colorado citizens, "a third-party defendant joined under Federal Rule of Civil Procedure 14 does not become a defendant as against the original plaintiff, so that federal jurisdiction is not destroyed where those parties are citizens of the same state." *Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 169 (3rd Cir. 1999).

to any defect that does not go to the question of whether the case could originally have been filed in federal district court").

Second, removing the procedural blemish in this case would require, as Defendants suggest, "remand[ing] to the Denver District Court for [the] limited purpose of the Denver District Court ruling on [Plaintiff's] Motion to Amend . . . ." (Doc. # 31 at 7.)  The Court declines to pursue this course, which it finds both unnecessary, because the alleged defect does not preclude the Court from exercising subject matter jurisdiction, and inefficient, especially since Plaintiff has consented to the case proceeding in federal court.

Accordingly, it is hereby ORDERED that Defendants' "Motion for Determination of Jurisdiction" (Doc. # 31) is GRANTED for the reasons explained above.  It is FURTHER ORDERED that Plaintiff's unopposed "Motion for Leave to Amend Complaint" (Doc. # 44 at 1-4) is GRANTED and Plaintiff's "First Amended Complaint" (Doc. # 44 at 5-49) is ACCEPTED AS FILED.  It is

FURTHER ORDERED that "Defendant Design Pallets, Inc.'s Joinder in Defendants Douglas A. Olvey's and James Danko's Notice of Removal" (Doc. # 4) is GRANTED.  It is

FURTHER ORDERED that Defendants' "Motion to Transfer Venue" (Doc. # 29) is DENIED AS MOOT, based on Defendants' "Notice to Withdraw Motion to Transfer Venue" (Doc. # 46).  It is

FURTHER ORDERED that Plaintiff's unopposed "Motion to Consolidate" (Doc. # 43) is GRANTED and that, under Fed. R. Civ. P. 42(a)(2) and D.C.COLO.LCivR

42.1, *Design Pallets, Inc. v. Shandon Valley Transport USA, LLC, et al.*, Civil Action No. 12-cv-02094-REB is hereby CONSOLIDATED with Civil Action No. 12-cv-01900-CMA-BNB for all purposes.  It is

FURTHER ORDERED that under D.C.COLO.LCivR 42.1, Civil Action No. 12-cv-02094-REB is REASSIGNED to United States District Judge Christine M. Arguello and United States Magistrate Judge Boyd N. Boland.  It is

FURTHER ORDERED that all future filings in these consolidated actions shall be captioned as shown below:

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-01900-CMA-BNB (Consolidated for all purposes with
Civil Action No. 12-cv-02094-CMA-BNB)

SHANDON VALLEY TRANSPORT SOLUTIONS USA, LLC,
a Colorado limited liability company, d/b/a SVTS GLOBAL,

    Plaintiff/Counterclaim Defendant,

v.

DESIGN PALLETS, INC., a Florida corporation,
DOUGLAS A. OLVEY, a Florida resident, and
JAMES DANKO, a Florida resident,

    Defendants/Counterclaim
    Plaintiff/Third-Party Plaintiff,

v.

ADAM M. PENER, a Missouri resident,
COLIN D. CLARK, a Colorado resident,
STEVEN C. DAVIS, an Oklahoma resident, and
DAVID W. FELL, a Colorado resident,

    Third-Party Defendants.

---

    DATED: October _24__, 2012

                                          BY THE COURT:

                                          _____
                                          CHRISTINE M. ARGUELLO
                                          United States District Judge