IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01900-CMA-BNB
(Consolidated for all purposes with Civil Action No. 12-cv-02094-CMA-BNB)

SHANDON VALLEY TRANSPORT SOLUTIONS USA, LLC, a Colorado limited liability company, d/b/a SVTS GLOBAL

Plaintiff/Counterclaim Defendant,

v.

DESIGN PALLETS, INC, a Florida corporation,
DOUGLAS A OLVEY, a Florida resident, and
JAMES DANKO, a Florida resident,

Defendants/Counterclaim Plaintiff/Third-Party Plaintiff,

v.

ADAM M. PENER, a Missouri resident,
COLIN D. CLARK, a Colorado resident,
STEVEN C. DAVIS, an Oklahoma resident, and
DAVID W. FELL, a Colorado resident,

Third-Party Defendants
_____

# ORDER
_____

This matter arises on **Defendant Design Pallets Inc.'s Motion for Protective Order Re Specific Discovery Requests of SVTS** [Doc. # 61, filed 11/6/2012] (the "Motion"). I held a hearing on the Motion this morning and made rulings on the record, which are incorporated here.

I find that the discovery sought by Interrogatories 7, 8, and 9 and Production Requests 2, 3, 4, 8, 9, 10, 11, and 12 is relevant to the parties' claims and defenses or is reasonably calculated to lead to the discovery of admissible evidence. The discovery is not barred by the doctrine of law of the case because the finding on which DPI relies was is preliminary and was

made in connection the issuance of a preliminary injunction; the issue of whether the ELDA has been terminated remains hotly contested by the parties and must be finally resolved at trial after the presentation of all appropriate evidence; and it would be improper to preclude discovery on a contested matter which must be determined at trial. The burden articulated by DPI, in the form of potential interference with the development of its business, can be mitigated or avoided by the application of a blanket protective order and by precluding SVTS from contacting any distributor or end user disclosed by DPI through the compelled discovery and identified by DPI as sensitive without DPI's prior agreement or order of the court.

IT IS ORDERED:

(1) The Motion [Doc. # 61] is DENIED;

(2) DPI shall provide supplemental discovery on or before **December 17, 2012**, responding fully to Interrogatories 7, 8, and 9 and producing all non-privileged documents responsive to Production Requests 2, 3, 4, 8, 9, 10, 11, and 12; and

(3) SVTS may not contact, directly or indirectly, any distributor or end user disclosed by DPI through the compelled discovery and identified by DPI as sensitive without DPI's prior agreement or order of the court.

Dated November 28, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge